O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE DWAIN COPELAND,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES SUPERIOR COURT, DIVISION 47, et al.,<br><br>Defendants. | Case No. 2:24-cv-09141-FWS-KES<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO FOLLOW LOCAL RULE 41-6 |

**I.**

**BACKGROUND**

**A. The Instant Lawsuit.**

On October 22, 2024, Louisiana resident Plaintiff Bruce Dwain Copeland ("Plaintiff") filed a 42 U.S.C. § 1983 complaint against Los Angeles County Superior Court ("LASC") Judge Theresa Traber and the LASC. (Dkt. 1.) Plaintiff alleges that Judge Traber is presiding over a quiet title action he filed against Amy Pham, LASC case no. 22STCV10036 (the "Pham Quiet Title Action"). (Id. at 2.) In July 2024, Plaintiff Copeland filed a discovery motion asking, among other

1  things, for certain requests for admission he had served on Defendant Pham to be
2  deemed admitted. (Id.) Judge Traber denied that motion. (Id.) Plaintiff attached a
3  copy of Judge Traber's denial order. (Dkt. 1 at 5 (the "Challenged Discovery
4  Order").)

5  In the Complaint, Plaintiff contends that the Challenged Discovery Order
6  violates his right to due process by preventing him from pursuing "pertinent and
7  critical discovery." (Id. at 2-3.) He does not, however, point to anything in that
8  order that prevents him from re-serving the earlier discovery requests. Instead of
9  doing that or pursuing a writ of mandate in the state courts (which is the proper
10 procedure for "appealing" a discovery order), he asks the U.S. District Court for
11 (1) a judgement against Defendants stating that they violated his due process rights
12 and (2) a stay of the Pham Quiet Title Action until the Challenged Discovery Order
13 is vacated. (Id. at 3.) On October 28, 2024, the Court sent Plaintiff a notice giving
14 him 30 days to pay appropriate filing fee or apply for a fee waiver. (Dkt. 4.)

15 On October 22, 2024, Plaintiff filed a First Amended Complaint ("FAC").
16 (Dkt. 6.) The FAC asserts the same claims, although worded differently. (Id.)
17 Plaintiff also includes the phrase "Proof of Service" after stating his requested
18 relief followed by the Defendants' addresses, although he does not state facts
19 showing that Defendants were properly served in accordance with Federal Rule of
20 Civil Procedure 4. (Id. at 3.) They could not have been served because the Court
21 has never issued a Summons in this case.

22 Plaintiff did not sign the FAC. (Id.) On October 29, 2024, the Court mailed
23 Plaintiff a Notice to Filer of Deficiencies flagging the missing signature. (Dkt. 7.)
24 On November 1, 2024, the Court struck the unsigned FAC without prejudice for
25 failure to follow Federal Rule of Civil Procedure 11(a) and Local Rule 11-1, which
26 contain the signature requirements for documents filed with this Court. (Dkt. 9 at
27 2-3.) The Court allowed Plaintiff to "refile it with a signature, in compliance with
28 the above-cited rules, by November 25, 2024." (Id. at 3.) The Court also

instructed Plaintiff to either pay the filing fee[1] or apply for a fee waiver. (Dkt. 4, 9.) To date, he has done neither.

The Court has mailed several documents to Plaintiff's address in New Orleans, Louisiana. In November 2024, the following three envelopes addressed to Plaintiff were returned to this Court as undeliverable:

- On October 28, 2024, the Court mailed Plaintiff the Notice of Reference to US Magistrate Judge (CV-25). (Dkt. 5.) It was returned to the Court on November 12, 2024. (Dkt. 10.)
- On October 28, 2024, the Court mailed Plaintiff the Notice re: Discrepancies in Filing of Civil Rights Complaint (CV-93), which this Court issued in response to the initial Complaint. (Dkt. 4.) It was returned to the Court on November 12, 2024. (Dkt. 11.)
- On October 29, 2024, the Court mailed Plaintiff the Filer of Deficiencies in Filed Document RE: Amended Complaint. (Dkt. 7.) It was returned to the Court on November 26, 2024. (Dkt. 12.)

**B. Plaintiff's Other Litigation in this Court.**

In 2023, Plaintiff also sued Judge Traber and a lawyer involved in the Pham Quiet Title Action. Copeland v. Los Angeles Superior Court, et al., case no. 2:23-cv-10299-GW-KES. He paid the filing fee. (Id., Dkt. 1.) The lawsuit was summarily dismissed due to judicial immunity and lack of jurisdiction. See Copeland v. L.A. Superior Court, No. 2:23-cv-10299-GW-KES, 2023 U.S. Dist. LEXIS 232835 (C.D. Cal. Dec. 14, 2023).

In 2024, Plaintiff filed a lawsuit against staff at the California Court of Appeals Clerk's Office, Copeland v. Eva McClintock, et al., case no. 2:24-cv-07354-DMG-KES. Again, Plaintiff paid the filing fee. (Id., Dkt. 1.) That docket

---

[1] In August 2024, Plaintiff paid the filing fee in Copeland v. Eva McClintock, et al., case no. 2:24-cv-07354-DMG-KES, Dkt. 1.

also reflects that multiple pieces of mail sent to Plaintiff's address of record in New Orleans were returned to the Court as undeliverable. (Id., Dkt. 11, 12, 13, 20.) In that case, Plaintiff filed something on October 25, 2024, using his New Orleans address (id., Dkt. 18), even though earlier mail sent to that same address was returned as undeliverable. There is a Report and Recommendation pending to dismiss the case due to judicial immunity. (Id., Dkt. 9.)

## II.
## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule 41-6[2] provides:

> A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action *with or without prejudice* for failure to prosecute.

L.R. 41-6 (emphasis added).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders or local rules, the Ninth Circuit has instructed district

---

[2] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## III.
## DISCUSSION

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Id. (internal quotations marks omitted).

The third factor—prejudice to Defendants—weighs in favor of dismissal, although perhaps not as strongly as some of the other factors. Courts are less likely to find prejudice to a defendant if the complaint has not been served. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S. Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet been served). Regardless, Plaintiff is suing Defendants for issuing orders governing the timing of discovery in the Pham Quiet Title Action, orders apparently intended to account for a stay while another party, U.S. Bank National, successfully moved to have Plaintiff

declared a vexatious litigant. (Dkt. 1 at 2.) Whatever the LASC did is memorialized in court records. Therefore, while delay may cause witnesses' memories to fade, the likelihood that delay will cause prejudice in this case is small. Pagtalunan, 291 F.3d at 643.

The presence or absence of delay-related prejudice, however, is not a dispositive factor when determining whether to dismiss a case for failure to provide a valid mailing address, especially when a litigant has repeatedly ignored the Court's deadlines. See Ripley v. Riverside Cnty., NO. 14-2170, 2015 WL 8732179, 2015 U.S. Dist. LEXIS 167763, at *6 (C.D. Cal. Oct. 28, 2015) (finding that a Plaintiff who failed to obey court orders and failed to provide the Court with an updated address in violation of Local Rule 41-6 without offering an explanation caused an unreasonable delay in prosecuting the case, and therefore the risk of prejudice weighed in favor of dismissal). Here, Plaintiff has repeatedly failed to follow court orders and has caused unnecessary delays without providing a sufficient explanation. Plaintiff has not yet paid the filing fee or applied for a fee waiver. (Dkt. 4, 9.) The FAC was stricken without prejudice because he failed to sign the document in accordance with Federal Rule of Civil Procedure 11(a) and Local Rule 11-1. (Dkt. 7, 9.) In addition, three separate letters sent to Plaintiff have been returned to this Court because he has failed to update his current mailing address. (Dkt. 10, 11, 12.) Over fourteen days have passed since the last envelope was mailed on October 29, 2024, triggering the dismissal provisions of Local Rule 41-6. (Dkt. 7.) All this shows that Plaintiff has repeatedly ignored rules and deadlines enforced by this Court, which supports dismissal.

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court's prior orders in other cases warned Plaintiff about Local Rule 41-6 and the need to keep his address current or risk dismissal. (See Copeland v. California State Contractors Licensing Board, case no. 2:17-cv-08767-GW-KES, Dkt. 6 at 2; Copeland v. Eva McClintock, et al., case no. 2:24-cv-07354-DMG-KES, Dkt. 8 at

4.) A "district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here. Pagtalunan, 291 F.3d at 643. However, the effect of this factor is somewhat mitigated by the fact that Plaintiff's FAC was stricken due to the lack of a required signature and Plaintiff has not yet filed an amended, signed FAC. (Dkt. 9.) It is also mitigated because the Court is likely to find that both Defendants, i.e., Judge Traber and the LASC, have absolute judicial immunity. The Court has already informed Plaintiff of the doctrine of judicial immunity in a previous lawsuit against Judge Traber. (Id. at 3, citing Copeland v. L.A. Superior Court, No. 2:23-cv-10299-GW-KES, 2023 U.S. Dist. LEXIS 232835 (C.D. Cal. Dec. 14, 2023).)

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-6. Considering all of the circumstances, including (1) Plaintiff's lengthy experience with litigation; (2) the prior warnings to Plaintiff about Local Rule 41-6 and judicial immunity; (3) Plaintiff's failure to pay the filing fee or apply for a fee waiver, despite paying the filing fee in two recent cases; (4) the nature of this dispute and the likely application of judicial immunity; and (5) Plaintiff's continued use his New Orleans address on court filings despite mail sent there being returned earlier as undeliverable, the Court exercises its discretion to dismiss this case with prejudice.

/ / /
/ / /
/ / /
/ / /
/ / /

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action with prejudice for failure to comply with Local Rule 41-6.

DATED: February 3, 2025

Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE